JDN

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Unruh,<br><br>  Plaintiff,<br><br>vs.<br><br>Captain Peterson,<br><br>  Defendant. | No. CV 05-1252-PHX-DGC (GEE)<br><br>**ORDER** |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1]  Plaintiff is an inmate at the Durango Jail in Phoenix, Arizona.  The Court will require an answer to the Complaint.

**A.**     **Application to Proceed *In Forma Pauperis* & Filing Fee**

The Court has received Plaintiff's new Application to Proceed *In Forma Pauperis* (Doc. # 4).  Plaintiff's request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

TERMPSREF

1 fee of **$250.00** for this action. to the Clerk of Court.  No initial partial filing fee will be
2 assessed by this Order.  28 U.S.C. § 1915(b)(1).

3       Plaintiff will be obligated for monthly payments of 20 percent of the preceding
4 month's income credited to Plaintiff's trust account.  The Court will direct the appropriate
5 agency to collect these monthly payments, which will be forwarded to the Clerk of Court
6 each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
7 28 U.S.C. § 1915(b)(2).  Plaintiff should take notice that if he is released before the filing fee
8 is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days
9 of the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within 120
10 days of the date of his release, the action will be dismissed, unless Plaintiff shows good
11 cause, in writing, why he is unable to pay the remainder of the filing fee.

12 **B.    Statutory Screening of Prisoner Complaints**

13       The Court is required to screen complaints brought by prisoners seeking relief
14 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
15 § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
16 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
17 may be granted, or that seek monetary relief from a defendant who is immune from such
18 relief.  28 U.S.C. § 1915A(b)(1), (2).

19 **C.    Claims and/or Parties to be Served/Dismissed**

20 *1. Service*

21       In his Complaint Plaintiff alleges that the food is improperly handled and often
22 spoiled, the living conditions are unsanitary, the jail is severely overcrowded, and
23 recreational opportunities are inadequate.  He claims that he has suffered illness, vomiting,
24 skin rashes, staph infections, anxiety, digestive problems and loss of weight.  Plaintiff
25 further alleges that Defendant Peterson, Captain of the Durango Jail, is liable because he
26 is responsible for the staff and training at the jail.  These allegations adequately state a
27 claim, and the Court will require an answer to the Complaint.

28

*2. Dismissal*

**1. Count III**

In Count III, Plaintiff alleges that he is ridiculed and called names by the detention officers in an inhumane manner. In order to recover under § 1983, a plaintiff must show: (1) violation of a right protected by the Constitution or federal law; (2) that was proximately caused; (3) by conduct of a "person" named as a defendant; (4) acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff has not connected his claims to Defendant Peterson.

Defendant Peterson cannot be liable simply because he supervises the detention officers. There is no *respondeat superior* liability under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). There are no allegations to meet this standard. Moreover, "verbal harassment generally does not violate the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). Accordingly, Count III will be dismissed without prejudice.

**2. Hart v. Hill**

Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-EHC (MS) (D. Ariz.), claiming that the conditions of his confinement violate an Amended Judgment in that action. Jurisdiction to enforce the judgment is retained by the court which entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983

1  claim for damages because such orders do not create "rights, privileges, or immunities
2  secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial decrees are
3  the means by which unconstitutional conditions are corrected but they do not create or
4  enlarge constitutional rights. Id. at 1123. To the extent Plaintiff seeks to enforce Hart v.
5  Hill, his claim is not properly brought in this action. Instead, his allegations must
6  separately state a violation of a constitutional right. At this juncture, as described *supra*,
7  Plaintiff's allegations do state a claim for a constitutional violation.

8  **D.     Rule 41 Cautionary Notice**

9        Plaintiff should take notice that if he fails to timely comply with every provision of
10 this Order, or any order entered in this matter, this action will be dismissed pursuant to
11 Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258,
12 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order
13 of the Court).

14 **IT IS THEREFORE ORDERED that:**

15       (1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 4) is granted.
16 Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is
17 assessed no initial partial filing fee.

18       (2) The Maricopa County Sheriff or his designee shall collect the filing fee from
19 Plaintiff's trust account by collecting monthly payments in an amount equal to 20 percent of the
20 preceding month's income credited to Plaintiff's trust account and forwarding the payments to the
21 Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C.
22 § 1915(b)(2). The payments shall be clearly identified by the name and number assigned to this
23 action.

24       (3) The Clerk of Court shall send Plaintiff a service packet including the Complaint, this
25 Order, and both summons and request for waiver forms for Defendant Peterson.

26       (4) Plaintiff shall complete and return the service packet to the Clerk of Court within 20
27 days of the date of filing of this Order. The United States Marshal will not provide service of
28 process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure.

(6) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

   (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

   (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

1　　　　(9) Defendant shall answer the Complaint or otherwise respond by appropriate motion
2　within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil
3　Procedure.

4　　　　(10) Any answer or responsive pleading shall state the specific Defendant(s) by name on
5　whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or
6　paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

7　　　　(11) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon
8　counsel, a copy of every further pleading or other document submitted for consideration by the
9　Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the
10　Court, a certificate stating the date a true and correct copy of the pleading or document was mailed
11　to Defendant or counsel. Any paper received by a District Court Judge or Magistrate Judge which
12　has not been filed with the Clerk of Court may be disregarded by the Court.

13　　　　(12) At all times during the pendency of this action, Plaintiff shall immediately advise the
14　Court and the United States Marshal of any change of address and its effective date. Such notice
15　shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only
16　information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of
17　the notice on all opposing parties. The notice shall not include any motions for any other relief.
18　Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to
19　prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

20　　　　(13) A clear, legible copy of every pleading or other document filed shall accompany each
21　original pleading or other document filed with the Clerk for use by the District Judge or Magistrate
22　Judge to whom the case is assigned. Failure to comply with this requirement may result in the
23　pleading or document being stricken without further notice to Plaintiff.

24

25

26

27

28

**TERMPSREF**

(14) This matter is referred to Magistrate Judge Glenda E. Edmonds under Rule 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 27th day of December, 2005.

David G. Campbell
United States District Judge